UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVE BODNAR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:07-cv-110-RLY-TAB |
| ) | |
| STANLEY KNIGHT, Superintendent, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); id. at 325, 106 S. Ct. at 2554 ("the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case").

The defendant in this civil rights action has met the above burden in his motion for summary judgment. That motion must therefore be **granted.** The court reaches this conclusion based on the undisputed evidentiary record showing that plaintiff Bodnar was confined for a period of time at the Pendleton Correctional Facility ("Pendleton"), that the defendant is the Superintendent of Pendleton, that an Indiana state court order directed any prison where Bodnar was confined to screen his outgoing mail, and that the Defendant Superintendent was not aware of any steps taken at Pendleton to implement such order and did not personally screen, photocopy or delay Bodnar's outgoing mail.

Although Bodnar disputes portions of the foregoing, he has not offered evidentiary materials in opposition to them and his argument of a contradiction in Superintendent Knight's own statements does not hold up under careful analysis. "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases). There is no reason to stray from the traditional remedy in this case. *See also Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e). . . . As such, we can simply ignore them."). In order to be held liable for a violation of 42 U.S.C. § 1983 in an individual capacity, that person must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994), *cert. denied*,513 U.S. 1128 (1995)). Thus, "some causal connection or

affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id.* (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Mere knowledge of unconstitutional conditions is not enough to establish liability without proof that the defendant took some action, or acquiesced in actions of others, which led to the perpetuation of those conditions. *Vance v. Peters,* 97 F.3d 987, 992-93 (7th Cir. 1996). Thus, Superintendent Knight's non-involvement in the matters Bodnar alleges here will not support a finding of liability. *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994)("[A]n official meets the personal involvement requirement when [ ]he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at h[is] direction or with [his] knowledge and consent.") (citations and internal quotations omitted)(quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)).

Bodnar's allegations, moreover, fail to withstand scrutiny in light of the evidentiary record, and without a predicate constitutional violation, one cannot make out a *prima facie* case under 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992). Here, the episodic disruption of Bodnar's outgoing mail did not in fact reach systemic proportions and hence did not violate the Constitution. Although "[t]he free-speech clause of the First Amendment applies to communications between an inmate and an outsider," *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000), to state such a claim a plaintiff must allege a "continuing pattern or repeated occurrences" of delivering mail in an untimely manner. *Id.* "Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." *Id.* at 573 (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987)). Even if the court could find a viable basis on which to conclude that a disruption of constitutionally significant magnitude occurred at Pendleton, Bodnar has not alleged or shown any damage, *Johnson v. Morton,* 1996 WL 518078, at *2 (E.D.N.Y. Aug. 26, 1996) (dismissing complaint because plaintiff alleged single instance in which his legal mail was improperly opened outside of his presence and courts have consistently dismissed "suits by inmates alleging unconstitutional opening of their legal mail without any showing of damages"), and there was nothing here beyond an effort to comply with the provisions of the Indiana state court's order directing that these restrictions be implemented.

The defendant's motion for summary judgment (dkt. 49) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/7/2008

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana